## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**MARAH BOLDEN,**

    **Plaintiff,**

**v.**                                       **CASE NO.**

**OMNI HOTELS MANAGEMENT
CORPORATION,**

    **Defendant.**

_____/

### DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, OMNI HOTELS MANAGEMENT CORPORATION, ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 1.06 of the Local Rules of the United States District Court for the Middle District of Florida, and Title 28 of the United States Code §§ 1331, 1332, 1441 and 1446, hereby requests that the Court remove this action from the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division, based on federal question and diversity jurisdiction. The grounds for removal of this action are set forth below.

## I.    <u>INTRODUCTION</u>

Plaintiff, Marah Bolden ("Plaintiff"), a former employee, brought this action on or about February 9, 2023, in the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida, under the name and style, *Marah Bolden v. Omni Hotels Management Corporation* (the "Circuit Court Case"). Defendant was served with the Complaint on February 10, 2023.  Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 7.2 of the U.S. District Court for the Middle District of Florida. In the Complaint, Plaintiff alleges violations of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). *See* Comp. Ex. "A," Compl. at ¶ 1.

The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the judicial district in which Plaintiff filed the Complaint. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(a) of the U.S. District Court for the Middle District of Florida. This Notice of and Petition for Removal has been timely filed within 30 days of the date of service of the Complaint. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition

for Removal in the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida.

As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 because Plaintiff purports to bring claims pursuant to federal statute, Title VII. The Circuit Court Case is also within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.

## II.    REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

Removal is proper based on federal question jurisdiction. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the Complaint, Plaintiff alleges claims arising under a federal statute, Title VII. *See* Comp. Ex. A, Compl. at ¶ 1. Accordingly, this action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.

Moreover, the Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367(a).  District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Here, Plaintiff's state law claims under the FCRA in Count I of

her Complaint, mirror her claims under Title VII in Count II. Indeed, the counts are virtually identical and are based upon identical factual averments set forth in Plaintiff's Complaint.

### III.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

#### A.    Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, No. 3:08-CV-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

#### B.    Complete Diversity of Citizenship Exists Between the Parties

For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which she is domiciled, which is the state where the individual maintains her "true, fixed, and permanent home and principal establishment, and to which [s]he has the intention of returning whenever [s]he is absent therefrom." *Id.* at 1257-58 (internal quote and citation omitted).

### i.     Plaintiff is a Citizen of the State of Florida

Plaintiff alleges that, at all times material hereto, she was a resident of the State of Florida**.** Comp. Ex. "A," Compl. at ¶ 3. Further, a LexisNexis Accurint for Legal Professionals Comprehensive Report ("Report") shows that Plaintiff is actively registered to vote in the State of Florida and has been exclusively registered to vote in Florida since 2016. *See* Declaration of Virginia Jones, ¶ 3, a copy of which is attached as **Exhibit "B."** The Report further shows that Plaintiff currently maintains an active Driver's License issued by the State of Florida on November 19, 2021. *See* Jones Decl. ¶ 4. Finally, the Report reflects that Plaintiff's active address as of February 2023 was in Duval County, Florida. *See* Jones Decl. ¶ 2.

### ii.     Defendant is a Citizen of the States of Delaware and Texas

As a corporation, Defendant is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is organized under the laws of the state of Delaware and has its principal place of business in Texas. *See* Declaration of Philip McNicholas ¶ 4, a copy of which is attached as **Exhibit "C."** Since the Defendant is not a citizen of the State of Florida, like Plaintiff, Defendant has satisfied its burden of showing there is complete diversity among the parties.

### C.    The Amount in Controversy Exceeds $75,000[1]

The damages claimed by Plaintiff indicate that the amount in controversy requirement is met.  Plaintiff alleges the following categories of damages: (1) lost wages, benefits, and other remuneration; (2) compensatory damages including damages for emotional distress; (3) injunctive and equitable relief; (4) punitive damages; (5) reinstatement and/or front pay; and (6) attorneys' fees and costs. *See* Comp. Ex. "A," Compl. at ¶ 39, 46, and WHEREFORE clauses following ¶¶ 28 and 35.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).[2] While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City*

---

[1] Defendant does not concede that Plaintiff will prevail in this civil action or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that [s]he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

[2] Plaintiff asserts in her Complaint that "[t]his is an action for damages in excess of $50,000, exclusive of interest, fees, and costs." *See* Comp. Ex. A, at ¶1.

*Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

      **i.    Back Pay and Front Pay**

In the event Plaintiff prevails on her claims under the FCRA, she would be presumptively entitled to recover damages for back pay. § 760.11(5), Fla. Stat. Similarly, if Plaintiff succeeds on her claims under Title VII, she would be presumptively entitled to front pay or, in the alternative, reinstatement. *United States EEOC v. Fed. Express Corp.*, 180 F. App'x 865, 866 (11th Cir. 2006). "For the purpose of estimating the amount in controversy, the plaintiff's potential back pay award may computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Avalos v. SDI of Gulf Breeze*, No.

3:10cv453/MCR/EMT, 2010 U.S. Dist. LEXIS 152378, at *6 (N.D. Fla. Dec. 15, 2010) (citation omitted).  A trial date of approximately twelve months from the date of the removal is customary. *Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006).

Plaintiff alleges that she began employment with Defendant in February 2021 and resigned from employment on or about June 5, 2022. *See* Comp. Ex. "A," Compl. at ¶ 10. In 2021, Plaintiff earned $47,295.81. Accordingly, Plaintiff earned approximately **$1,006.29** per week on average. *See* McNicholas Decl. ¶ 3. Plaintiff's potential back pay can be determined by calculating her lost wages from the date of her separation through the date of trial. At the time of removal, Plaintiff could be eligible for approximately **$40,251.60** in back pay.  Further, when conservatively applied to an estimated trial date of March 13, 2024 (12 months from removal), Plaintiff could be entitled to approximately 92 weeks of back pay damages, or approximately **$92,578.68.**

Courts have previously held that it is reasonable to add one year of front pay to the amount in controversy in a discrimination case. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *6 (M.D. Fla. Jan. 17, 2017) (citing cases). While Defendant maintains that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively amount to **$52,327.08.** The combined amount of back pay and front pay damages

that Plaintiff put in controversy in this case totals approximately **$92,578.68** to **$144,905.76.** Accordingly, the amount in controversy requirement is satisfied considering wage loss damages alone.

### ii.    Compensatory Damages

Plaintiff additionally seeks compensatory damages, including damages for "emotional distress." *See* Comp. Ex. "A," Compl. at WHEREFORE clause following ¶ 35.

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7. However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Juries have awarded compensatory damages in similar employment discrimination cases at or greater than the

jurisdictional threshold.  *See Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded).

Similarly, under Title VII, prevailing plaintiffs may receive compensatory damages. Plaintiffs who succeed on Title VII claims alleging sexual harassment and hostile work environment in the employment context, are routinely awarded compensatory damages in amounts equal to or greater than the jurisdictional threshold. *See Jeanne Golden v. School Board of Volusia County, Florida,* No. 96-1000-CIV-ORL-18, 1997 U.S. Dist. LEXIS 1245 (M.D. Fla. November 4, 1997) (jury awarded $72,446 in compensatory damages to Plaintiff for her sexual harassment/hostile work environment claims alone); *see also Vidovic v. City of Tampa*, No. 8:16-cv-714-T-17TBM, 2018 U.S. Dist. LEXIS 243004, at *1 (M.D. Fla. Feb. 14, 2018) (jury awarded $156,000 in damages for emotional pain and mental anguish based on Plaintiff's successful sex discrimination claims under Title VII).

Based on the foregoing, in the instant case, it is reasonable for this Court to consider a conservative estimate of approximately **$30,000.00** in compensatory damages for the purpose of determining the amount in controversy.

### iii.    Punitive Damages

Plaintiff additionally seeks to recover punitive damages. *See* Comp. Ex. "A," Compl. at WHEREFORE clauses following ¶¶ 28 and 25. Punitive damages of up to $100,000 are available under the FCRA. § 760.11(5), Fla. Stat. Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the FCRA, therefore, it is appropriate to include the full **$100,000** amount authorized by the FCRA.  *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7.

### iv.    Attorneys' Fees

Plaintiff also seeks recovery of attorneys' fees. *See* Comp. Ex. "A", Compl., WHEREFORE clauses following ¶¶ 28 and 25. An award of attorney's fees is permitted to the prevailing party under both the FCRA and Title VII.  § 760.11(5), Fla. Stat.; 42 U.S.C. § 2000e-5(g)(2)(B)(i)(k).  "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc*., 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate.  *See, e.g., Mirras v. Time Ins. Co*., 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008).

Defendant conservatively estimates that Plaintiff's counsel could be expected to expend at least 125 hours litigating this action through trial, which would include

depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$31,250.00** in attorneys' fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases and the range of hourly rates in cases involving employment disputes. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney at $200 per hour and 190.8 hours billed by associate attorney at $150 per hour through trial was reasonable in FCRA case). Accordingly, the attorney's fees estimate should also be included in the determination of the amount in controversy.

###   v.    Total Amount in Controversy

While Defendant disputes the allegations set forth in the Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendant requests that this Court accept the removal of this action from the Circuit Court of the Fourth Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

Dated March 13, 2022.

Respectfully submitted,

By: *_/s/ Lori K. Mans_*
Lori K. Mans, Esq.
Florida Bar No. 012024
Catherine E. Barton
Florida Bar No. 1032071
**JACKSON LEWIS, P.C.**
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
(904) 638-2655
lori.mans@jacksonlewis.com
catherine.barton@jacksonlewis.com
kathy.corbin@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of March, 2023, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Amanda E. Heystek
WENZEL FENTON CABASSA, P.A.
1110 North Flore Avenue, Suite 300
Tampa, Florida 33602
aheystek@wfclaw.com
dkalter@wfclaw.com
rcooke@wfclaw.com
*Counsel for Plaintiff*

/s/ Lori K. Mans
Lori K. Mans. Esq.
*Counsel for Defendant*

4871-6125-1157, v. 2